IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DORIN D. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) No. 17-00499-CV-W-RK | |
| ENHANCED RECOVERY COMPANY, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion for a More Definite Statement. (Doc. 6.) Pursuant to Federal Rule of Civil Procedure 12(e), Defendant moves for an order requiring Plaintiff to provide a more definite statement of his Petition. Plaintiff has not filed a response and the time for doing so has now expired. Upon review, the motion will be **GRANTED IN PART and DENIED IN PART**.

Plaintiff, who is proceeding pro se, filed his Petition (doc. 1-1) in the Small Claims Court of the Circuit Court of Jackson County, Missouri. The Petition alleges violations of: (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and (2) Mo. Rev. Stat. § 570.223. Defendant removed the action to this Court and then filed the instant motion.

An FCRA claim requires a plaintiff to establish that "(1) there existed a consumer report, (2) the defendant obtained or used said report, and (3) it did so without a statutorily permissible purpose." *Campbell v. Accounts Receivable Mgmt., Inc.*, No. 4:14-cv-00793-W-DGK, 2015 WL 4425823 at *2 (W.D. Mo. July 20, 2015) (*citing Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002)). In his Petition, Plaintiff alleges that "Defendant pulled my consumer credit report without my permission." In support, he has attached to the Petition what appears to be a copy of his credit report from TransUnion (doc. 1-1 at 10-11), which indicates that "Enhanced Recovery" requested a copy of said report on 01/27/2015 with no permissible purpose listed. Also attached to the Petition is a copy of a letter dated February 7, 2017, from Plaintiff to Enhanced Recovery, wherein Plaintiff states that he has not "applied for, neither [sic] received any services or credit with your particular entity." (*Id*. at 2.) Pro se pleadings "are to be

construed more liberally" than those prepared by attorneys. *In re Steward*, 828 F.3d 672, 682 (8th Cir. 2016) (citations omitted). Construing the Petition and its attachments liberally, it appears that Plaintiff has provided the necessary facts in support of his FCRA claim, those being that Defendant obtained a copy of his credit report and the absence of a permissible purpose. Accordingly, as to Plaintiff's FCRA claim, the motion will be denied.

Plaintiff also raises an identity theft tort claim under Mo. Rev. Stat. § 570.223. This statute defines identity theft as follows: "(a) person commits the crime of identity theft if he or she knowingly and with the intent to deceive or defraud obtains, possesses, transfers, uses, or attempts to obtain, transfer or use, one or more means of identification not lawfully issued for his or her use." Mo. Rev. Stat. § 570.223.1. Although this is a criminal statute, it also provides for civil damages. *See* Mo. Rev. Stat. § 570.223.4. Here, the Court agrees that the Petition does not present any factual allegations indicating that Defendant obtained the credit report "with the intent to deceive or defraud," a necessary element under the statute. As a result, the motion will be granted as to the identity theft tort claim.

Based on the foregoing, it is **ORDERED** that Defendant's Motion for a More Definite Statement (doc. 6) is **GRANTED IN PART and DENIED IN PART**. Within 14 days of the date of this Order, Plaintiff shall file an amended complaint, setting forth a more definite statement of his identity theft tort claim under Mo. Rev. Stat. § 570.223, including all necessary facts in support. Failure to comply with this Order will result in the striking of said claim without further notice. The Clerk of Court shall send a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 26, 2017